O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ROLANDO CISNEROS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:13-CV-556 |
| | § | |
| DAKM, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER DENYING REMAND

The Court now considers the self-styled "Plaintiff Rolando Cisneros' Motion to Remand Proceedings to State Court,"[1] filed by Rolando Cisneros ("Plaintiff"). DAKM, Inc., d/b/a The Best Little Warehouse in Texas ("Defendant") has responded.[2]

After considering the motion, response, record, and relevant authorities, the Court **DENIES** the motion. Plaintiff's original petition did not affirmatively plead a federal cause of action. Since the cause of action could not be discerned from the face of that petition, the federal cause of action became evident only in the letter between counsel, which constitutes an "other paper" under § 1446. Defendant therefore timely removed to this Court under federal question jurisdiction.

### I. Standards for Removal

*Removability*

Although "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction,"[3] district courts possess original federal jurisdiction over claims that

---

[1] Dkt. No. 6.
[2] Dkt. No. 7.
[3] Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

arise under the laws of the United States.[4] "A federal court only has original or removal jurisdiction if the federal question appears on the face of the plaintiff's well-pleaded complaint and there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action."[5] Thus, "[e]ven if a plaintiff has a federal cause of action," he "may avoid federal jurisdiction by exclusive reliance on state law."[6] Defendants usually have 30 days from service of the pleading to remove to federal court,[7] unless "the case stated by the initial pleading is not removable," in which case defendants have 30 days from, among other things, an "other paper from which it may first be ascertained" that the case is removable.[8] A letter between counsels can in some circumstances constitute an "other paper,"[9] as long as it is the plaintiff's voluntary act and unequivocally clear.[10]

*Standard for Pleading a Federal Cause of Action*

When a plaintiff asserts a claim based upon federal question, but the plaintiff does not clearly plead the cause of action, then a "timeliness dispute" over the case's initial removability may arise.[11] In the touchstone case on timeliness dispute, the Fifth Circuit held that the initial complaint starts the 30-day removal clock "only when that pleading affirmatively reveals on its face" the basis for diversity or federal question jurisdiction.[12] As the Fifth Circuit later pointed out, the *Chapman* court "specifically declined to adopt a rule" which required defendants to

---

[4] 28 U.S.C.S. § 1331.
[5] MSOF Corp. v. Exxon Corp., 295 F.3d 485, 490 (5th Cir. 2002).
[6] *Id.*
[7] 28 U.S.C. § 1441; Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 123 S.Ct. 2058, 2062, 156 L.Ed.2d 1 (2003).
[8] 28 U.S.C. § 1446.
[9] *See* Addo v. Globe Life & Acc. Ins. Co., 230 F.3d 759, 762 (5th Cir. 2000).
[10] *See* Bosky v. Kroger Texas, LP, 288 F.3d 208, 211 (5th Cir. 2002) (finding that "other paper" under § 1446 "must be unequivocally clear and certain to start the time limit running").
[11] Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 398 (5th Cir. 2013).
[12] Chapman v. Powermatic, Inc., 969 F.2d 160 (5th Cir. 1992); *see also* Addobati v. Guardian Life, 213 F.3d 638 (5th Cir. 2000) (applying *Chapman* to federal question jurisdiction).

"'ascertain[ ] from the circumstance[s] and the initial pleading'" that the plaintiff's claim satisfied federal jurisdiction requirements.[13]

Most timeliness disputes relate to *diversity* jurisdiction, and the circumstances in which an "other paper" can establish *federal question* jurisdiction are limited.[14] This limitation results from the well-pleaded complaint rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[15] Circumstances in which a well-pleaded complaint creates federal jurisdiction by showing a federal question on its face, but fails to affirmatively plead the federal cause of action and to trigger the 30-day removal period, will be few and far between.[16] Those circumstances may resemble, without becoming, a case of "artful pleading," when a plaintiff pleads an exclusively federal claim in state law language.[17] In such circumstances the "other paper" will not be used "to establish a new federal claim, but to clarify the nature of the existing claim."[18]

## II. Federal and State Law on Administrative Exhaustion of Employment Claims

Because Plaintiff argues that the nature of the claim obviously showed it was brought pursuant to federal law rather than state law, a brief review of the relevant administrative procedures is in order. Before bringing suit for workplace discrimination under Title VII, the

---

[13] Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 399 (5th Cir. 2013).
[14] Eggert v. Britton, 223 F. App'x 394, 397 (5th Cir. 2007) ("Under limited circumstances, courts have looked to 'other paper' to establish federal question jurisdiction . . . .").
[15] Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).
[16] *See* Jones v. Town of Woodworth, CIV.A. 13-119, 2013 WL 1966253 (W.D. La. Mar. 20, 2013) ("usually, where the federal claim is mentioned somewhere other than the complaint, it simply does not exist"); *see also* Trotter v. Steadman Motors, Inc., 47 F. Supp. 2d 791, 792 (S.D. Miss. 1999) (concluding the federal claim must have been mentioned in the pleadings for deposition testimony to clarify it); *see also* Gruner v. Blakeman, 517 F.Supp. 357, 361 (D.Conn.1981) (reference to "other paper" in § 1446(b) relates "only to papers filed in the action itself which alter or clarify the stated claim so as to reveal for the first time that a federal cause of action is stated") (internal quotations omitted).
[17] *See* Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475, 118 S. Ct. 921, 925, 139 L. Ed. 2d 912 (1998) ("If a court concludes that a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint.").
[18] Eggert v. Britton, 223 F. App'x 394, 397 (5th Cir. 2007). *See also* O'Keefe v. State Farm Fire & Cas. Co., 2009 WL 95039 (S.D. Miss. Jan. 13, 2009) (stating that "[t]he 'other paper' must clarify the federal nature of an existing claim, and not relate to a putative claim that has not yet been pled" and affirming jurisdiction).

O

ADA, the ADEA,[19] or under the Texas Human Rights Act,[20] aggrieved parties must exhaust administrative remedies. The Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission Civil Rights Division[21] ("TWC") address claims under federal and state law, respectively. Due to a "Worksharing Agreement" between the two agencies, filing a complaint with one agency also satisfies the requirement to file with the other.[22] Both agencies require that a complainant file within 180 days after the alleged violation,[23] but the Worksharing Agreement expands the EEOC time to file to 300 days.[24] Though expanding the federal time limit by means of nominal filing with the state agency seems odd, this means a complaint filed from 180-300 days after the violation falls under the exclusive jurisdiction of the federal agency.[25]

Both agencies will notify a complainant whether it has elected to pursue or to dismiss the complaint. Along with the notice of dismissal, the federal agency will mail the "right to sue" letter, and the letter is required to sue. The EEOC letter then triggers a 90-day period in which

---

[19] *See* Price v. Choctaw Glove & Safety Co., Inc., 459 F.3d 595, 598 (5th Cir. 2006) (finding that Title VII claims require exhaustion); Dao v. Auchan Hypermarket, 96 F.3d 787, 788 (5th Cir. 1996) (finding that Americans with Disabilities Act claims require exhaustion); Scott v. Univ. of Mississippi, 148 F.3d 493, 514 (5th Cir. 1998) abrogated by Kimel v. Florida Bd. of Regents, 528 U.S. 62, 120 S. Ct. 631, 145 L. Ed. 2d 522 (2000) (finding that Age Discrimination in Employment Act claims require exhaustion).

[20] *See* Schroeder v. Texas Iron Works, Inc., 813 S.W.2d 483, 485 (Tex.1991) (holding that a complainant "must first exhaust the [Texas Human Rights Act's] administrative remedies prior to bringing a civil action").

[21] The Texas Workforce Commission replaced the Texas Commission on Human Rights. The Court will refer to the TWC while relying on decisions referring to the TCHR.

[22] Griffin v. City of Dallas, 26 F.3d 610, 612-13 (5th Cir. 1994) ("[U]pon the EEOC's receipt of the complaint, the TCHR, for all legal and practical purposes, [also] received the complaint.").

[23] 42 U.S.C.A. § 2000e-5 ("A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred"); Texas Labor Code Section 21.202 "A complaint under this subchapter must be filed not later than the 180th day after the date the alleged unlawful employment practice occurred. The commission shall dismiss an untimely complaint.").

[24] *See* Conner v. Louisiana Dep't of Health & Hospitals, 247 F. App'x 480, 481 (5th Cir. 2007) ("Pursuant to 42 U.S.C. § 2000e-5(e), an EEOC charge must be filed within 180 days after the alleged unlawful employment practice. That time period is extended to 300 days if the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice."). *See also* Jackson v. Univ. of Texas M.D. Anderson Cancer Ctr., 54 F. App'x 404 (5th Cir. 2002) ("Under the Worksharing Agreement between the EEOC and the TCHR, the time period to file discrimination charges with the EEOC is 300 days.").

[25] *See* Griffin v. City of Dallas, 26 F.3d 610, 612 (5th Cir. 1994) (holding the 300-day filing period "applies regardless whether state proceedings are timely filed under state or local law.").

O

the complainant must sue.[26] The Texas agency will not automatically mail the "right to sue" letter,[27] but the letter is not required to sue as long as the complainant has either received notice of dismissal or waited 180 days after filing the complaint.[28]

> If the TCHR determines that there is reasonable cause, it shall issue a right to sue letter informing the employee that she has exhausted her administrative remedies and may proceed to suit in a civil court. Tex. Lab.Code Ann. § 21.206. If the TCHR dismisses or fails to resolve the complaint within 180 days of filing, it shall inform the complainant of that decision in writing by certified mail. Id. § 21.208. Upon receipt of this notice, the complainant is entitled to request, in writing, a right to sue letter. [] If the complainant has waited the required 180 days, however, neither the lack of a notice of dismissal or a right to sue letter "affect the complainant's right . . . to bring a civil action." Tex. Lab.Code Ann. § 21.252(d); []. Although an employee is not required to obtain a right to sue letter prior to filing suit, if the employee has received one, it evidences that she has exhausted her administrative remedies before the TCHR."[29]

This brief review of administrative exhaustion, filing requirements, and status to sue suffices to evaluate whether Plaintiff's original petition affirmatively revealed on its face a federal cause of action.

### III. The Current Suit

*The Petition Satisfied the Well-Pleaded Complaint Rule*

Here, neither Plaintiff nor Defendant contest that Plaintiff is asserting a federal cause of action. As addressed above, an employment discrimination claim typically implicates both state and federal law, and Plaintiff's petition noted that he had filed a complaint with the EEOC.

---

[26] 42 U.S.C.A. § 2000e-5(f)(1) (West) (stating that if the Commission does not pursue an action against the alleged offender, it "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . .").

[27] If the complainant requests a TWC "right to sue" letter and receives one, the complainant then has 60 days in which to sue. *See* Tex. Labor Code Ann. § 21.252 ("Failure to issue the notice of a complainant's right to file a civil action does not affect the complainant's right under this subchapter to bring a civil action against the respondent.").

[28] *See* Jones v. Grinnell Corp., 235 F.3d 972, 975 (5th Cir. 2001) ("The exhaustion requirement can be met only two ways: (1) the TCHR does not find reasonable cause and dismisses the complaint; or (2) the TCHR cannot resolve the complaint within 180 days.").

[29] Westbrook v. Water Valley Indep. Sch. Dist., 03-04-00449-CV, 2006 WL 1194527 (Tex. App. May 5, 2006), *citing to* Rice v. Russell-Stanley, L.P., 131 S.W.3d 510, 513 (Tex. App. 2004).

O

However, the original petition provided no statutory reference for the claims asserted. The Court will now address whether the petition affirmatively pled a federal cause of action.

*The Petition Did Not Affirmatively Plead the Federal Cause of Action*

The Court here decides not whether Plaintiff *actually* brought claims under state law, nor whether Plaintiff *could* have brought claims under state law, but whether Plaintiff's petition made *facially evident* that he brought federal law claims. The Court finds that the petition did not make the statutory source of the claims evident.

In the original petition, Plaintiff complains that "on or about June 25, 2012 . . . Plaintiff received a letter . . . notifying [him] that he was fired effective June 21, 2012 . . . ."[30] Plaintiff's petition then states that Plaintiff filed his initial complaint with the EEOC "[w]ithin 180 days of the occurrence of the acts complained of," on January 3, 2013, and received his "right to sue" letter on April 29, 2013.[31] Plaintiff then filed suit in County Court on July 18, 2013.[32]

This timeline carries with it several implications for Plaintiff's arguments in his motion to remand. First, if Plaintiff's pleading that he filed his complaint within 180 days were taken as true, the date Plaintiff filed suit was consistent with both a state and a federal cause of action. Without a letter of dismissal from the TWC, Plaintiff had to wait 180 days to bring suit under state law, or until July 2, 2013. His 90-day deadline to bring suit under his federal "right to sue" letter fell on July 28, 2013. Plaintiff filed suit on July 18, 2013, and hit the sweet spot: 196 days after his EEOC complaint, and 80 days after his federal "right to sue" letter.

Second, Plaintiff points out that the EEOC letter triggered the federal ninety-day filing period, but not the state sixty-day filing period, and argues this fact left no basis for recovery under the TCHRA. This argument is spurious. Plaintiff sued more than 180 days after filing a

---

[30] Dkt. No. 7, Attach. 1 at p. 4, ¶5.4.
[31] *Id.* at p. 2, ¶4.1.
[32] *Id.* at p. 1.

O

claim with the EEOC and (as it appeared) the TWC; as a result, he could sue without either a TWC dismissal or a "right to sue" letter. Plaintiff did not need to present evidence that he had exhausted the TWC requirements,[33] so the fact that he attached only the EEOC letter does not indicate the statutory source of his claim. Plaintiff then argues:

> "Plaintiff's Original Petition filed in state court included a copy of his Federal EEOC Right to Sue Letter which references his cause of action under the Americans With Disabilities Act, as amended and the Age Discrimination in Employment Act. Plaintiff could not have alleged any state court action as his first contact with the EEOC was outside of the 180 days permissible under the Texas Commission on Human Rights Act. The only claims that Plaintiff Rolando Cisneros was bringing on July 18, 2013 were Federal claims as per the exhaustion of administrative remedies doctrine."

Though Plaintiff claims the EEOC letter "references his cause of action," this evinces a deep confusion over the difference between pleadings and evidence. The EEOC letter functions as evidence that Plaintiff exhausted the federal and state administrative requirements, demonstrating that Plaintiff may proceed. While in a Panglossian world such an evidentiary "reference" would suffice, in our world the *pleading*, not the *evidence*, must reference the cause of action – even better, the pleading could actually *plead* the cause of action. As it is, Plaintiff's original petition references his cause of action under federal law only in the sense that it references a cause of action at all, "wrongful discharge." "Wrongful discharge," clearly, could refer to a cause of action under either state or federal law.[34] Plaintiff's original petition did not affirmatively plead his cause of action.

Actually, the petition affirmatively clouded the cause of action. Plaintiff alleged in his original petition that he had filed his administrative agency complaint within 180 days. By

---

[33] Rice v. Russell-Stanley, L.P., 131 S.W.3d 510, 514 (Tex. App. 2004) (finding the plaintiff "was not required to present evidence that he received a right-to-sue letter from the TCHR" to maintain a claim.).

[34] *See also* Keith L. Markey, M.D., P.A. v. Aetna Health Inc., SA-11-CA-1075-XR, 2012 WL 695662 (W.D. Tex. Feb. 29, 2012) (finding timely removal for a federal claim evidenced by "other paper" where "the petition included only a broad allegation . . . and contained no information regarding the particular claims at issue in the case").

asserting he filed within 180 days, and given the Worksharing Agreement, Plaintiff asserted he had timely filed with both agencies. The plain text of his petition alleged a fact creating the basis for a cause of action under either state or federal law. In fact, despite his pleading to the contrary, Plaintiff's effective firing date places his EEOC filing date 196 days later. Because in reality only a federal law claim could have been brought,[35] Plaintiff now leans heavily on this time period in his motion to remand.

However, Plaintiff cannot plead a fact that would have allowed a state law claim and then later reveal it to be a sham, with clues cleverly dropped for the Sherlock-like opposing counsel to deduce the real facts and their legal import. Plaintiff's argument that "Defendant's voluntary election to change counsel should not be a basis to allow the deadline for a timely removal to be extended"[36] implies that because Defendant's first counsel did not exercise due diligence in removing the case, Defendant should not now be allowed to remove. The *Chapman* court rejected a "due diligence" standard.[37] The real time period from alleged violation to administrative filing leads to an elementary legal conclusion, but opposing counsel's failure to deduce the real time period does not mitigate Plaintiff's failure to affirmatively plead a federal cause of action.

*The Letter from Plaintiff's Counsel Qualifies as an "Other Paper"*

By contrast, the letter clarifies the federal cause of action in unequivocally clear and certain terms. Plaintiff's counsel states that the lawsuit "is a federal lawsuit based on the statutes

---

[35] *See* Urrutia v. Valero Energy Corp., 841 F.2d 123, 125 (5th Cir. 1988) (finding time limit expands to 300 days as result of Worksharing Agreement); *see also* Conner v. Louisiana Dep't of Health & Hospitals, 247 F. App'x 480, 481 (5th Cir. 2007) ("This court has held that when a claimant submits an EEOC charge and, pursuant to a work-sharing agreement, the EEOC accepts it on behalf of a deferral state, the claimant is deemed to have initially instituted proceedings with the state agency and the 300-day period is triggered.").
[36] Dkt. No. 6 at p. 2, ¶7.
[37] Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 525 (5th Cir. 1994) ("We rejected Chapman's argument that the thirty-day removal clock should begin to run when a plaintiff files a pleading that is indeterminate as to removability if the defendant would know in the exercise of due diligence that the case is removable.").

O

contained in the attached Right to Sue letter."[38] As a voluntary act by Plaintiff, which clarifies that the existing wrongful discharge cause of action is based on federal statutes, the letter qualifies as an "other paper" under §1446. It therefore opened another 30-day window in which Defendant could remove the case under federal question jurisdiction.

### IV. Holding

The Court follows *Chapman* in holding that Defendant did not need to ascertain the federal cause of action from the circumstances combined with the pleading. At the time he filed suit, Plaintiff apparently could have brought a claim for wrongful discharge under Texas law, federal law, or both. The petition did not affirmatively plead which cause of action it pursued, and the EEOC letter attached does not clarify the petition itself. As a result, the federal cause of action became objectively evident only in the letter between counsel. On the basis of this § 1446 "other paper," Defendant timely and properly removed to this Court.[39] The motion to remand is **DENIED**.

IT IS SO ORDERED.

DONE this 23rd day of January, 2014 in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

---

[38] Dkt. No. 7 Attach. 2 at pp. 1-2.
[39] For a similar result, *see* Maheshwari v. Univ. of Texas-Pan Am., 460 F. Supp. 2d 808, 809 (S.D. Tex. 2006).